IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Henry Thompson, II, #34829,<br><br>Plaintiff,<br><br>vs.<br><br>Leslie Johnson, Cody Byars, Johnny Arcila, and Donald Williams<br><br>Defendants. | C/A No.: 0:26-cv-2898-TMC-TER<br><br>REPORT AND RECOMMENDATION |

James Henry Thompson, II ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983 against Sixteenth Circuit Solicitor Leslie Johnson ("Johnson") and City of York Police Corporal Cody Byars ("Byars"), Corporal Johnny Arcila ("Arcila"), and officer Donald Williams ("Williams") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the complaint and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the court dismiss the case without prejudice.

I. Factual and Procedural Background

Plaintiff filed a complaint on July 16, 2026, alleging Defendants Byars and Williams falsely arrested him, Defendant Arcila arrested him without probable cause or due process, and Defendant Johnson is maliciously prosecuting him. (ECF No. 1). On August 7, 2026, the undersigned issued a proper form order advising Plaintiff of deficiencies in the complaint and permitting him until August 28, 2026, to file an amended complaint and complete and return a proposed summons and Forms USM-285. *Id.* The order specified: "If Plaintiff does not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure

to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." *Id.* at 1.

The Clerk of Court mailed the order to Plaintiff at the address he provided in the complaint. (ECF No. 11). The order was returned to the court on August 19, 2026, with the following notations: "RETURN TO SENDER" and "NOT DELIVERABLE." (ECF No. 12). The deadline to respond to the proper form order has passed, and Plaintiff has not updated his address or otherwise communicated with the court.

II. Discussion

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. Proc. R. 41(b)." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Maryland Division of Correction*, 894 F. Supp. 226, 229 (D.Md.1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Industs., Inc.*, 783 F.2d 1175 (4th Cir.1986); *Zaczek v. Fauquier County, Va.*, 764 F. Supp. 1071, 1074 (E.D.Va.1991)).

The complaint form specifies: "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." (ECF No. 1 at 12). Plaintiff acknowledged this agreement by signing below the statement. *See id.*

Given the court's receipt of returned mail, the undersigned concludes that Plaintiff has not fulfilled his duty to advise the court of any changes in his address. Consequently, Plaintiff did not receive the court's proper form order and failed to comply with the directions therein

within the period permitted by the order, subjecting this case to dismissal under Fed. R. Civ. Proc. R. 41(b).

III. Conclusion and Recommendation

Plaintiff's failure to notify the Clerk of his change of address indicates an intent not to prosecute this case and subjects it to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). Therefore, the undersigned recommends the court dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff notifies the court of his current address within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action. If, however, Plaintiff fails to notify the court of his current address, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 11, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).