**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| James Henry Thompson, II,<br><br>Plaintiff,<br><br>vs.<br><br>Leslie Johnson, Cody Byars, Johnny Arcila, and Donald Williams,<br><br>Defendants. | ) | Civil Action No. 0:26-cv-02898-TMC<br><br>**ORDER** |

Plaintiff James Henry Thompson, II, proceeding *pro se* and *in forma pauperis*, filed this civil rights action alleging constitutional claims as well as claims for malicious prosecution, false arrest and unlawful arrest. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. After conducting an initial review, the magistrate judge issued an order advising Plaintiff of deficiencies in the complaint and giving him time to file an amended complaint addressing such deficiencies. (ECF No. 9). The order warned that the complaint, in its current form, was subject to summary dismissal and that if Plaintiff failed to file an amended complaint curing the deficiencies, the magistrate judge would recommend that the district judge dismiss this action. *Id*. at 4. The order was mailed to Plaintiff at the only address provided the court in connection with this action, (ECF No. 11), but was subsequently returned to the court bearing the notations "Return to Sender" and "Not Deliverable." (ECF No. 12).

Now before the court is the magistrate judge's report and recommendation ("Report"), recommending the court dismiss this action without prejudice pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure. (ECF No. 17 at 3). The magistrate judge observed that the form complaint used by Plaintiff states that "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." *Id*. at 2; *see* (ECF No. 1 at 12). Plaintiff acknowledged his agreement by signing immediately below the statement. *See* (ECF No. 1 at 12). The magistrate judge concluded that "Plaintiff has not fulfilled his duty to advise the court of any changes in his address" which "subject[s] this case to dismissal under Fed. R. Civ. Proc. R. 41(b)." (ECF No. 17 at 2–3). The Report was mailed to the same address for Plaintiff on record with the court. (ECF No. 18). As before, the Report was returned to the court bearing the notations "Return to Sender" and "Not Deliverable." (ECF No. 19). Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 17 at 4), but has not done so. The time for Plaintiff to object to the Report has expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating

only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the court agrees with the findings and conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report, (ECF No. 17), and incorporates it as if set forth fully herein. This action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Greenville, South Carolina
September 29, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.